IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02981-BNB

JEREMIAH CUSHON,

    Applicant,

v.

MAGISTRATE JUDGE SHERMAN FINESILVER,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Jeremiah Cushon, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Cushon initiated this action by filing *pro se* a "Motion Requesting Recommendation to Designate CDOC as Facility to Where Defendant Serves Federal Sentence" (ECF No. 1). Mr. Cushon alleged in the motion that he is subject to both state and federal sentences and that a federal detainer limits his housing and programming opportunities in state prison. On November 29, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Cushon to cure certain deficiencies if he wished to pursue his claims in this action. In part, Magistrate Judge Boland ordered Mr. Cushon to file a pleading on the proper form as required by the Court's local rules. Because it appeared that Mr. Cushon was challenging the execution of his sentences, he was directed to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

    On December 12, 2011, Mr. Cushon filed an Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 3).  However, he did not assert any claims for relief in the habeas corpus application filed on December 12.  Therefore, on December 19, 2011, Magistrate Judge Boland entered an order directing Mr. Cushon to file an amended pleading and explaining to Mr. Cushon the differences between the possible habeas corpus actions he could file.  Magistrate Judge Boland again advised Mr. Cushon in the December 19 order that, because he appeared to be challenging the execution of his sentences rather than the validity of any conviction or sentence, he should file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Magistrate Judge Boland also advised Mr. Cushon that, regardless of the statutory authority for the pleading he filed, he must identify clearly the specific claims he is asserting and he must allege specific facts in support of those claims.

On February 14, 2012, Mr. Cushon filed an "Amended Application Pursuant to 28 U.S.C. 2254 for a Writ of Habeas Corpus" (ECF No. 9).  The Court notes initially that Mr. Cushon has not named a proper Respondent in the amended application.  Furthermore, Mr. Cushon did not use the court-approved form as directed.  Despite these deficiencies, the Court will address the merits of the claim Mr. Cushon is asserting.

The Court must construe the amended application and other papers filed in this action liberally because Mr. Cushon is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the amended application will be denied and the action will be dismissed.

Despite the fact that Mr. Cushon cites 28 U.S.C. § 2254 in the caption of the amended application, he is not asserting any claims challenging the validity of his state court convictions and sentences. Instead, Mr. Cushon makes clear in the amended application that he is challenging the execution of his federal sentences. In particular, he asserts that the detainers filed by federal officials with respect to the federal sentences he has not yet begun to serve prevent him from pursuing "effective correctional treatment" or from being housed in a lower security facility. (*See* ECF No. 9 at 2, 4.) As relief Mr. Cushon asks the Court to designate the state facility in which he is housed as the facility in which he will serve his federal sentences. The effect of such a designation would be to allow Mr. Cushon to serve his state and federal sentences concurrently rather than consecutively.

As noted above, Mr. Cushon is subject to both state and federal sentences. On January 5, 1987, he was convicted in two cases in the District of Colorado and he was sentenced to fifteen years in prison in each case. *See United States v. Cushon*, No. 86-cr-00197-2 (D. Colo. Jan. 5, 1987); *United States v. Cushon*, No. 86-cr-00313-1 (D. Colo. Jan. 5, 1987). Mr. Cushon has submitted to the Court copies of the judgments entered in his federal cases. (*See* ECF No. 1 at 6-7; ECF No. 3 at 13-14.) The federal sentences were ordered to run consecutively to each other and consecutively to any sentence that may be imposed in case number 86CR1946 in the El Paso County, Colorado, District Court. (*See id.*) In El Paso County District Court case number 86CR1946, Mr. Cushon was sentenced on March 30, 1987, to a term of life in prison. (*See* ECF No. 1 at 9; ECF No. 3 at 11.) The sentence in El Paso County District Court case number 86CR1946 was ordered to run consecutively to another state sentence in

El Paso County District Court case number 86CR1947, and the state court stated that "Defendant may be returned to the Federal authorities to serve sentence imposed by that jurisdiction and shall then be returned to Colorado to serve the above sentence." (*See id.*)  Mr. Cushon also has submitted copies of the mittimus entered on January 26, 1987, in El Paso County District Court case number 86CR1947 (*see* Doc. No. 1 at 10) and the mittimus entered in a third state court case for which he received a second life sentence (*see* ECF No. 1 at 8; ECF No. 3 at 10).  None of the sentences in the state court cases were ordered to run concurrently with the federal sentences.

As noted above, Mr. Cushon asks the Court to designate the state facility in which he is housed as the facility in which he will serve his federal sentences.  The Court construes this request liberally as presenting two questions.  The first question is whether the Court can make such a designation on its own.  The second question is whether the Court can order the Bureau of Prisons (BOP) to make such a designation.  The answer to both questions is no.

The United States Court of Appeals for the Tenth Circuit recently addressed habeas corpus claims presented by an inmate in similar circumstances.  *See United States v. Miller*, 594 F.3d 1240 (10th Cir. 2010).  In *Miller*, a prisoner in state custody was subject to a consecutive federal sentence that had not commenced and he filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming he was entitled to have federal prison officials designate his state facility as the facility where he would serve his federal sentence.  *See id.* at 1241.  The Tenth Circuit affirmed the denial of habeas corpus relief for three reasons.  First, 18 U.S.C. § 3621(b) "directs the BOP 'to designate the place of the prisoner's imprisonment,' – language that gives the

executive branch primary authority over any petition challenging a prisoner's place of confinement." *Id.* at 1242. Thus, "to the extent [Miller] asked the court to issue a nunc pro tunc order and modify his sentence, the district court lacked jurisdiction to consider it." *Id.*

The second reason offered by the Tenth Circuit for rejecting habeas corpus relief in *Miller* is that the BOP cannot designate a place of confinement until the inmate is in federal custody. *See id.*

Finally, because Mr. Miller was serving consecutive sentences, the Tenth Circuit rejected his claim that the district court erred in not directing the BOP to make the requested designation pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), a case on which Mr. Cushon also relies. The Tenth Circuit reasoned as follows:

> *Barden* presented similar circumstances: a prisoner requesting that the BOP designate his state prison facility the place of his federal confinement nunc pro tunc. *Id.* at 477–78. *Barden* required the BOP to consider the prisoner's nunc pro tunc request. *Id.* at 478. Two critical facts distinguish *Barden* from Mr. Miller's case: first, *Barden* received his federal sentence before his state sentence, so that neither court could order concurrent sentencing, *see Abdul–Malik v. Hawk–Sawyer*, 403 F.3d 72, 75 (2nd Cir. 2005) (discussing *Barden*); second, *Barden's* federal sentencing court did not order a consecutive sentence. *Barden*, 921 F.2d at 483. Here, Mr. Miller was already serving his state sentence when he received his federal sentence, and his federal sentence was expressly ordered "to run consecutive to any prior sentences imposed." 1 R. 24.
>
> This court has never adopted *Barden*, and no published decision has extended *Barden* to these circumstances. Allowing a nunc pro tunc designation here would void the district court's valid sentence, and undermine the court's statutory authority under 18 U.S.C. § 3584(a). The Bureau of Prisons' own Policy Statement indicates that

> it cannot make a nunc pro tunc designation where the federal court has ordered that the federal sentence run consecutive to the earlier state sentence. BOPPS 5160.05, ¶ 7(b)-(c) (explaining that federal courts may order consecutive sentences, but when they order concurrent sentences BOP "implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence"); ¶ 9(b)(4)(c) (*Barden*-style nunc pro tunc request for concurrent service may be "appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term)").

*Id.* at 1242-43.

For the same reasons discussed in *Miller*, the Court cannot modify Mr. Cushon's federal sentences and direct that those sentences run concurrently with his state sentences or designate the state facility as the facility in which he will serve his federal sentences. *See id.* at 1242. Furthermore, because the federal and state sentences Mr. Cushon is serving were ordered to run consecutively, *Miller* also makes clear that the Court cannot order the BOP to make the requested designation. *See id.* at 1242-43. As a result, the Court finds that Mr. Cushon is not entitled to relief in this habeas corpus action.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the amended application is denied and the action is dismissed. It is

FURTHER ORDERED that the "Motion Requesting Recommendation to Designate CDOC as Facility to Where Defendant Serves Federal Sentence" (ECF No. 1) is denied. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  21st  day of   February    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court